NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY KAREN MARTIROSYAN, | No. 23-55814 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-01094-SB-DFM |
| v. | |
| UNITED PARCEL SERVICE, INC., a corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted November 21, 2024**
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Gary Karen Martirosyan appeals the district court's order granting summary

judgment to UPS on his claims that UPS: (1) failed to provide a reasonable

accommodation for his disability and participate in an interactive process pursuant

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to the Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(m), (n); and (2) his state-law claims for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's order granting summary judgment. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc).

1. Pursuant to the FEHA, it is unlawful for an employer "to fail to make reasonable accommodation for the known physical . . . disability of an . . . employee." Cal. Gov't Code § 12940(m)(1). Where the requested accommodation is reassignment "an employer must make affirmative efforts to determine whether a position is available," *Raine v. City of Burbank,* 37 Cal. Rptr. 3d 899, 904 (Ct. App. 2d 2006), but an employer is not required to create a new position or transform a temporary position into a permanent one. *Id.* Where no available union position meets a union-member employee's disability restrictions, a non-union position can be a reasonable accommodation. *See Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 490, 495 (Ct. App. 2d 1999).

Here, UPS provided evidence that it actively searched for a position meeting Martirosyan's work restrictions from July 2021 through at least April 2023. UPS did not find any positions that fit Martirosyan's work restrictions and preferred

2

locations until December 2022. At that time, they offered him a part-time, non-union supervisor position.

Martirosyan declined this offer, and he now argues that the non-union position was not a reasonable accommodation because it would have entailed the loss of significant employment benefits. But UPS provided evidence that there were no union positions that Martirosyan could perform with his work restrictions, and Martirosyan does not provide substantial evidence to the contrary. *See Hanson*, 87 Cal. Rptr. 2d at 490, 495.

Even if there were a dispute of fact about whether the non-union position was a reasonable accommodation, there is no evidence there were other available positions that met Martirosyan's restrictions. Martirosyan's arguments to the contrary are unavailing. *See Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 743–44 (9th Cir. 2011). First, the FEHA did not require that UPS convert the temporary, light-duty position they initially provided for Martirosyan into a permanent position when it became apparent that his disability was permanent. *Raine*, 37 Cal. Rptr. 3d at 904. Second, though Martirosyan argues that UPS failed to offer him a tower control position his union representative informed him about, UPS determined the position was not in fact available. Finally, the list of positions in Martirosyan's declaration does not create a material dispute of fact about whether another position was available, because the list did

3

not specify where those positions were located, whether they were vacant, what the job requirements were, or whether they were union positions. On this record, we affirm the district court's order granting summary judgment to UPS on Martirosyan's FEHA reasonable accommodation claim.

2. The FEHA also requires employers to "engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any." Cal. Gov't Code § 12940(n). To prevail on a claim that an employer failed to engage in the interactive process, an employee must identify an available accommodation the interactive process should have produced. *Shirvanyan v. L.A. Cmty. Coll. Dist.*, 273 Cal. Rptr. 3d 312, 324 (Ct. App. 2d 2020). Martirosyan identified no such accommodation. UPS offered him a part-time, non-union supervisor position that he declined, and Martirosyan provides no evidence of other available positions that met his geographic preferences and work restrictions. We affirm the district court's order granting summary judgment to UPS on Martirosyan's interactive process claim.

3. To prevail on a claim for IIED, a plaintiff must show "extreme and outrageous" conduct. *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 253 Cal. Rptr. 3d 1, 13 (Ct. App. 5th 2019). Martirosyan failed to raise a dispute of fact that the defendants' conduct was extreme and outrageous. We affirm the district court's grant of summary judgment to UPS on this claim.

4

4. To prevail on a claim for NIED without an accompanying physical injury, a plaintiff must show "serious" emotional distress. *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 767 (Ct. App. 6th 2010). Martirosyan offered evidence that he experienced some emotional distress, but the record does not raise a genuine issue that it rose to the level recognized by California courts as sufficient to support a NIED claim, especially considering there is no evidence of outrageous conduct. *See id.* at 768. For these reasons, we affirm the district court's order granting summary judgment to UPS on Martirosyan's NIED claim.

**AFFIRMED.**